1  BULLIVANT HOUSER BAILEY PC
   DANIEL N. BALLARD (SBN 219223)
2       daniel.ballard@bullivant.com
   1415 L Street, Suite 1000
3  Sacramento, California 95814
   Telephone: (916) 930-2500
4  Facsimile:  (916) 930-2501

5  Attorneys for Plaintiff ERIC KIMMEL

6

7

8

   MAYER BROWN LLP
   IAN N. FEINBERG (SBN 88324)
        ifeinberg@mayerbrown.com
   JOSHUA M. MASUR (SBN 203510)
        jmasur@mayerbrown.com
   Two Palo Alto Square, Suite 300
   3000 El Camino Real
   Palo Alto, California 94306-2112
   Telephone: (650) 331-2000
   Facsimile:  (650) 331-2060

   Attorneys for Defendants GUGGENHEIM
   ENTERTAINMENT, LLC, SCOTT
   GUGGENHEIM, STEPHEN GUGGENHEIM,
   and SHANNON GUGGENHEIM

9

10  # UNITED STATES DISTRICT COURT

11  ## NORTHERN DISTRICT

12  ## SAN FRANCISCO DIVISION

13  ERIC KIMMEL,

14        *Plaintiff,*

15     *v.*

16  GUGGENHEIM ENTERTAINMENT, LLC,
    SCOTT GUGGENHEIM, STEPHEN
17  GUGGENHEIM, and SHANNON
    GUGGENHEIM,
18
          *Defendants.*
19

Case No. C 07-02751 CRB

**[PROPOSED]** STIPULATED
PROTECTIVE ORDER

20

21

22

23

24

25

26

27

28

**1.      PURPOSES AND LIMITATIONS**

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this Stipulated Protective Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential. The parties further acknowledge, as set forth in Section 10, below, that this Stipulated Protective Order creates no entitlement to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and reflects the standards that will be applied when a party seeks permission from the court to file material under seal.

**2.      DEFINITIONS**

2.1.    <u>Party</u>:  any party to this action, including all of its officers, directors, employees, consultants, retained experts, and outside counsel (and their support staff).

2.2.    <u>Disclosure or Discovery Material</u>:  all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

2.3.    <u>"Confidential" Information or Items</u>:  information (regardless of how generated, stored or maintained) or tangible things that qualify for protection under standards developed under F.R.Civ.P.  26(c).

2.4.    <u>"Highly Confidential – Attorneys' Eyes Only" Information or Items</u>:  extremely sensitive "Confidential Information or Items" whose disclosure to another Party or nonparty

would create a substantial risk of serious injury that could not be avoided by less restrictive means.

2.5. <u>Receiving Party</u>:  a Party that receives Disclosure or Discovery Material from a Producing Party.

2.6. <u>Producing Party</u>:  a Party or non-party that produces Disclosure or Discovery Material in this action.

2.7. <u>Designating Party</u>:  a Party or non-party that designates information or items that it produces in disclosures or in responses to discovery as "Confidential" or "Highly Confidential — Attorneys' Eyes Only."

2.8. <u>Protected Material</u>:  any Disclosure or Discovery Material that is designated as "Confidential" or as "Highly Confidential – Attorneys' Eyes Only."

2.9. <u>Outside Counsel</u>:  attorneys who are not employees of a Party but who are retained to represent or advise a Party in this action.

2.10. <u>House Counsel</u>:  attorneys who are employees of a Party.

2.11. <u>Counsel</u> (without qualifier):  Outside Counsel and House Counsel (as well as their support staffs).

2.12. <u>Expert</u>:  a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action and who is not a past or a current employee of a Party or of a competitor of a Party and who, at the time of retention, is not anticipated to become an employee of a Party or a competitor of a Party's.

2.13. <u>Professional Vendors</u>:  persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors. This definition includes a professional jury or trial consultant retained in connection with this litigation.

-2-

2.14    ADR Neutral:  shall have the meaning ascribed by the Local Rules for Alternative Dispute Resolution of the Northern District of California.

**3.    SCOPE**

The protections conferred by this Stipulated Protective Order cover not only Protected Material (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by parties or counsel to or in court or in other settings that might reveal Protected Material.

**4.    DURATION**

Even after the termination of this litigation, the confidentiality obligations imposed by this Stipulated Protective Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.

**5.    DESIGNATING PROTECTED MATERIAL**

5.1.    Exercise of Restraint and Care in Designating Material for Protection.  Each Party or non-party that designates information or items for protection under this Stipulated Protective Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.  A Designating Party must take care to designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Stipulated Protective Order.

Mass, indiscriminate, or routinized designations are prohibited.  Designations that are shown to be clearly unjustified, or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process, or to impose unnecessary expenses and burdens on other parties), expose the Designating Party to sanctions.

-3-

1    If it comes to a Party's or a non-party's attention that information or items that it

2    designated for protection do not qualify for protection at all, or do not qualify for the level of

3    protection initially asserted, that Party or non-party must promptly notify all other parties that it

4    is withdrawing or modifying the mistaken designation.

5    5.2.    <u>Manner and Timing of Designations</u>.  Except as otherwise provided in this

6    Stipulated Protective Order (see, e.g., second paragraph of Section 5.2(a), below), or as

7    otherwise stipulated or ordered, material that qualifies for protection under this Stipulated

8    Protective Order must be clearly so designated before the material is disclosed or produced.

9    Designation in conformity with this Stipulated Protective Order requires:

10    (a) <u>for information in documentary form</u> (apart from transcripts of depositions or

11    other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL"

12    or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" at the top or bottom of each

13    page that contains protected material.  If only a portion or portions of the material on a page

14    qualifies for protection, the Producing Party also must clearly identify the protected portion(s)

15    (e.g., by making appropriate markings in the margins) and must specify, for each portion, the

16    level of protection being asserted (either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –

17    ATTORNEYS' EYES ONLY").

18    A Party or non-party that makes original documents or materials available for

19    inspection need not designate them for protection until after the inspecting Party has indicated

20    which material it would like copied and produced.  During the inspection and before the

21    designation, all of the material made available for inspection shall be deemed "HIGHLY

22    CONFIDENTIAL – ATTORNEYS' EYES ONLY."  After the inspecting Party has identified

23    the documents it wants copied and produced, the Producing Party must determine which

24    documents, or portions thereof, qualify for protection under this Stipulated Protective Order,

25    then, before producing the specified documents, the Producing Party must affix the appropriate

26    legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY")

27    at the top or bottom of each page that contains Protected Material.  If only a portion or portions

28

-4-

1   of the material on a page qualifies for protection, the Producing Party also must clearly identify

2   the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify,

3   for each portion, the level of protection being asserted (either "CONFIDENTIAL" or "HIGHLY

4   CONFIDENTIAL – ATTORNEYS' EYES ONLY").

5                (b) for testimony given in deposition or in other pretrial or trial proceedings, that

6   the Party or non-party offering or sponsoring the testimony identify on the record, before the

7   close of the deposition, hearing, or other proceeding, all protected testimony, and further specify

8   any portions of the testimony that qualify as "HIGHLY CONFIDENTIAL – ATTORNEYS'

9   EYES ONLY." When it is impractical, before the close of the deposition, to identify separately

10  each portion of testimony that is entitled to protection, and/or when it appears that substantial

11  portions of the testimony may qualify for protection, the Party or non-party that sponsors, offers,

12  or gives the testimony may invoke on the record (before the deposition or proceeding is

13  concluded) a right to have up to 20 days to identify the specific portions of the testimony as to

14  which protection is sought and to specify the level of protection being asserted

15  ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"). Only

16  those portions of the testimony that are appropriately designated for protection within the 20

17  days shall be covered by the provisions of this Stipulated Protective Order.

18                Transcript pages containing Protected Material must be separately bound by the

19  court reporter, who must affix to the top or bottom of each such page the legend

20  "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," as

21  instructed by the Party or nonparty offering or sponsoring the witness or presenting the

22  testimony.

23                (c) for information produced in some form other than documentary, and for any

24  other tangible items, that the Producing Party affix in a prominent place on the exterior of the

25  container or containers in which the information or item is stored the legend "CONFIDENTIAL"

26  or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." If only portions of the

27  information or item warrant protection, the Producing Party, to the extent practicable, shall

28

-5-

1    identify the protected portions, specifying whether they qualify as "Confidential" or as "Highly

2    Confidential – Attorneys' Eyes Only."

3        5.3.    <u>Inadvertent Failures to Designate</u>.  If timely corrected, an inadvertent failure to

4    designate qualified information or items as "Confidential" or "Highly Confidential – Attorneys'

5    Eyes Only" does not, standing alone, waive the Designating Party's right to secure protection

6    under this Stipulated Protective Order for such material.  If material is appropriately designated

7    as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" after the material was

8    initially produced, the Receiving Party, on timely notification of the designation, must make

9    reasonable efforts to assure that the material is treated in accordance with the provisions of this

10   Stipulated Protective Order.

11

12   **6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS**

13       6.1.    <u>Timing of Challenges</u>.  Unless a prompt challenge to a Designating Party's

14   confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary

15   economic burdens, or a later significant disruption or delay of the litigation, a Party does not

16   waive its right to challenge a confidentiality designation by electing not to mount a challenge

17   promptly after the original designation is disclosed.

18       6.2.    <u>Meet and Confer</u>.  A Party that elects to initiate a challenge to a Designating

19   Party's confidentiality designation must do so in good faith and must begin the process by

20   conferring directly (in voice to voice dialogue; other forms of communication are not sufficient)

21   with counsel for the Designating Party.  In conferring, the challenging Party must explain the

22   basis for its belief that the confidentiality designation was not proper and must give the

23   Designating Party an opportunity to review the designated material, to reconsider the

24   circumstances, and, if no change in designation is offered, to explain the basis for the chosen

25   designation.  A challenging Party may proceed to the next stage of the challenge process only if

26   it has engaged in this meet and confer process first.

27

28

PADB01 44039792.2 13-SEP-07 13:35

6.3.    <u>Judicial Intervention</u>.  A Party that elects to press a challenge to a confidentiality designation after considering the justification offered by the Designating Party may file and serve a motion under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) that identifies the challenged material and sets forth in detail the basis for the challenge.  Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements imposed in the preceding paragraph and that sets forth with specificity the justification for the confidentiality designation that was given by the Designating Party in the meet and confer dialogue.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party.  Until the court rules on the challenge, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation.

## 7.    ACCESS TO AND USE OF PROTECTED MATERIAL

7.1.    <u>Basic Principles</u>.  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Stipulated Protective Order.  When the litigation has been terminated, a Receiving Party must comply with the provisions of Section 11, below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Stipulated Protective Order.

7.2.    <u>Disclosure of "CONFIDENTIAL" Information or Items</u>.  Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated CONFIDENTIAL only to:

(a) the Receiving Party's Outside Counsel of record in this action, as well as employees of said Counsel to whom it is reasonably necessary to disclose the information for

PADB01 44039792.2 13-SEP-07 13:35

this litigation and who have signed the "Acknowledgement and Agreement to Be Bound" that is attached hereto as Exhibit A;

(b) the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgement and Agreement to Be Bound" (Exhibit A);

(c) Experts (as defined in this Stipulated Protective Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgement and Agreement to Be Bound"  (Exhibit A);

(d) the Court and its personnel;

(e) court reporters, their staffs, Professional Vendors, and ADR Neutrals to whom disclosure is reasonably necessary for this litigation;

(f) during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgement and Agreement to Be Bound" (Exhibit A).  Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

(g) an author or recipient of the document or the original source of the information.

7.3.    Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items.  Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

(a) the Receiving Party's Outside Counsel of record in this action, as well as employees of said Counsel to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Acknowledgement and Agreement to Be Bound" that is attached hereto as Exhibit A;

-8-

1    (b) Experts (as defined in this Stipulated Protective Order) (1) to whom disclosure

2    is reasonably necessary for this litigation, (2) who have signed the "Acknowledgement and

3    Agreement to Be Bound" (Exhibit A), and (3) as to whom the procedures set forth in paragraph

4    7.4, below, have been followed;

5    (c) the Court and its personnel;

6    (d) court reporters, their staffs, Professional Vendors, and ADR Neutrals to whom

7    disclosure is reasonably necessary for this litigation; and

8    (e) an author or recipient of the document or the original source of the

9    information.

10    7.4.    Procedures for Approving Disclosure of "HIGHLY CONFIDENTIAL –

11    ATTORNEYS' EYES ONLY" Information or Items to "Experts"

12    (a) Unless otherwise ordered by the court or agreed in writing by the Designating

13    Party, a Party that seeks to disclose to an "Expert" (as defined in this Stipulated Protective

14    Order) any information or item that has been designated  "HIGHLY CONFIDENTIAL –

15    ATTORNEYS' EYES ONLY" first must make a written request to the Designating Party that (1)

16    identifies the specific HIGHLY CONFIDENTIAL information that the Receiving Party seeks

17    permission to disclose to the Expert, (2) sets forth the full name of the Expert and the city and

18    state of his or her primary residence, (3) attaches a copy of the Expert's current resume, (4)

19    identifies the Expert's current employer(s), (5) identifies each person or entity from whom the

20    Expert has received compensation for work in his or her areas of expertise or to whom the expert

21    has provided professional services at any time during the preceding five years, and (6) identifies

22    (by name and number of the case, filing date, and location of court) any litigation in connection

23    with which the Expert has provided any professional services during the preceding five years.

24    (b) A Party that makes a request and provides the information specified in the

25    preceding paragraph may disclose the subject Protected Material to the identified Expert unless,

26    within seven court days of delivering the request, the Party receives a written objection from the

27    Designating Party.  Any such objection must set forth in detail the grounds on which it is based.

28

-9-

(c) A Party that receives a timely written objection must meet and confer with the Designating Party (through direct voice to voice dialogue) to try to resolve the matter by agreement. If no agreement is reached, the Party seeking to make the disclosure to the Expert may file a motion as provided in Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) seeking permission from the court to do so. Any such motion must describe the circumstances with specificity, set forth in detail the reasons for which the disclosure to the Expert is reasonably necessary, assess the risk of harm that the disclosure would entail and suggest any additional means that might be used to reduce that risk. In addition, any such motion must be accompanied by a competent declaration in which the movant describes the parties' efforts to resolve the matter by agreement (i.e., the extent and the content of the meet and confer discussions) and sets forth the reasons advanced by the Designating Party for its refusal to approve the disclosure.

In any such proceeding the Party opposing disclosure to the Expert shall bear the burden of proving that the risk of harm that the disclosure would entail (under the safeguards proposed) outweighs the Receiving Party's need to disclose the Protected Material to its Expert.

## 8.   PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION.

If a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," the Receiving Party must so notify the Designating Party, in writing (by fax and/or email, if possible) immediately and in no event more than three court days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

The Receiving Party also must immediately inform in writing the Party who caused the subpoena or order to issue in the other litigation that some or all the material covered by the subpoena or order is the subject of this Stipulated Protective Order. In addition, the Receiving

-10-

Party must deliver a copy of this Stipulated Protective Order promptly to the Party in the other action that caused the subpoena or order to issue.

The purpose of imposing these duties is to alert the interested parties to the existence of this Stipulated Protective Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued. The Designating Party shall bear the burdens and the expenses of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

## 9.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Stipulated Protective Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

## 10.    FILING PROTECTED MATERIAL.

Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5.

## 11.    FINAL DISPOSITION.

Unless otherwise ordered or agreed in writing by the Producing Party, within sixty days after the final termination of this action, each Receiving Party must either return to the Producing

-11-

Party or destroy all Protected Material.  As used in this subdivision, all "Protected Material" includes all copies, abstracts, compilations, summaries or any other form of reproducing or capturing any of the Protected Material.  Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the sixty day deadline that identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and that affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or other forms of reproducing or capturing any of the Protected Material.  Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product, even if such materials contain Protected Material.  Any such archival copies that contain or constitute Protected Material remain subject to this Stipulated Protective Order as set forth in Section 4 (DURATION), above.

**12.    MISCELLANEOUS**

    12.1.    <u>Right to Further Relief</u>.  Nothing in this Stipulated Protective Order abridges the right of any person to seek its modification by the Court in the future.

    12.2.    <u>Right to Assert Other Objections</u>.  By stipulating to the entry of this Stipulated Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective

-12-

PADB01 44039792.2 13-SEP-07 13:35

1    Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of

2    the material covered by this Stipulated Protective Order.

3

4    Dated: June 16, 2007                                     BULLIVANT HOUSER BAILEY PC

5

6                                                             By:  /s/
                                                                  Daniel N. Ballard
7
                                                             Attorneys for Plaintiff ERIC KIMMEL
8
      Dated: June 16, 2007                                   MAYER BROWN LLP
9

10

11                                                           By:  /s/
                                                                  Joshua M. Masur
12
                                                             Attorneys for Defendants
13                                                           GUGGENHEIM ENTERTAINMENT,
                                                             LLC, SCOTT GUGGENHEIM,
                                                             STEPHEN GUGGENHEIM, and
14                                                           SHANNON GUGGENHEIM

15   *Filer's Attestation: Pursuant to General Order No. 45, Section X(B), the filer hereby attests that*
     *the signatories' concurrence in the filing of this document has been obtained.*
16

17

18   IT IS SO ORDERED.

19

20   Date:  September 17, 2007                   By:

21                                                     THE HONORABLE CHARLES R. BREYER
                                                       UNITED STATES DISTRICT JUDGE
22

23

24

25

26

27

28
                                            -13-
                                                            [PROPOSED] STIPULATED PROTECTIVE ORDER
                                                            CASE NO. C 07-02751 CRB

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**EXHIBIT A**
**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, *[print or type full name]*, of *[print or type full address]*, declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Northern District of California on *[date]* in the case of *Eric Kimmel v. Guggenheim Entertainment, LLC, et al*, No. C 07-02751 CRB.  I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.  I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint *[print or type full name]* of *[print or type full address and telephone number]* as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.


Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____