1  BULLIVANT HOUSER BAILEY PC
   DANIEL N. BALLARD (SBN 219223)
2     *daniel.ballard@bullivant.com*
   1415 L Street, Suite 1000
3  Sacramento, California 95814
   Telephone: (916) 930-2500
4  Facsimile:  (916) 930-2501

5  Attorneys for Plaintiff ERIC KIMMEL

   MAYER BROWN LLP
   IAN N. FEINBERG (SBN 88324)
      *ifeinberg@mayerbrown.com*
   JOSHUA M. MASUR (SBN 203510)
      *jmasur@mayerbrown.com*
   Two Palo Alto Square, Suite 300
   3000 El Camino Real
   Palo Alto, California 94306-2112
   Telephone: (650) 331-2000
   Facsimile:  (650) 331-2060

   Attorneys for Defendants GUGGENHEIM
   ENTERTAINMENT, LLC, SCOTT
   GUGGENHEIM, STEPHEN GUGGENHEIM,
   and SHANNON GUGGENHEIM

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT

## SAN FRANCISCO DIVISION

| | |
|---|---|
| ERIC KIMMEL,<br><br>             *Plaintiff,*<br><br>     v.<br><br>GUGGENHEIM ENTERTAINMENT, LLC, SCOTT GUGGENHEIM, STEPHEN GUGGENHEIM, and SHANNON GUGGENHEIM,<br><br>             *Defendants.* | Case No. C 07-02751 CRB<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Date: Friday, October 5, 2007<br>Time: 1:30 p.m.<br>Courtroom 8, 19 Floor |

Plaintiff ERIC KIMMEL ("Plaintiff") and Defendants GUGGENHEIM ENTERTAINMENT, LLC, SCOTT GUGGENHEIM, STEPHEN GUGGENHEIM, and SHANNON GUGGENHEIM ("Defendants") hereby jointly submit this Case Management Statement in preparation for the October 5, 2007 Initial Case Management Conference.

1. **Jurisdiction and Service**

    (a)    *Subject matter jurisdiction*:  This Court has subject matter jurisdiction over Plaintiff's first claim (for copyright infringement) under 28 U.S.C. § 1338(a) and 28 U.S.C. § 1331.  This Court has subject matter jurisdiction over Plaintiff's third claim (for false endorsement and association), to the extent that it is states a claim under 15 U.S.C. §1125(a), under 28 U.S.C. § 1331.  This Court has subject matter jurisdiction over Plaintiff's state court claims under at least either 28 U.S.C. § 1338(b) and/or 28 U.S.C. § 1367.  Defendants allege, and Plaintiff denies, that this Court has subject matter jurisdiction over Defendants' first counterclaim (copyright noninfringement and unenforceability) under 28 U.S.C. §§ 1331 and 1338(a).  Defendants allege, and Plaintiff denies, that this Court has subject matter jurisdiction over the remainder of Defendants' counterclaims under at least 28 U.S.C. § 1367.

    (b)    *Personal jurisdiction and venue*:  No issues exist.

    (c)    *Service of process*:  Any defects in service have been waived.

2. **Facts:**

    (a)    *Plaintiff's Statement*:

    Plaintiff is the author of "The Jar of Fools: Eight Hanukkah Stories from Chelm," a compilation of stories first published in 2001.  Defendants admit they have adapted certain of those stories into a play entitled "The MeshugaNutcracker!" and have performed the play on numerous occasions every Hanukkah season since December 2003.

    Plaintiff asserts, as more fully described in his complaint, that Defendants adapted the stories, performed the play, and created a soundtrack of the play without license from Plaintiff, except for the limited right to create and perform a workshop production of the play in 2003.  Defendants' assert they were granted a license to engage in the acts complained of, an allegation that Plaintiff denies.

(b) *Defendants' Statement*:

In 2002, the Albert L. Schultz Jewish Community Center contacted Scott and Shannon Guggenheim to explore the creation of a theatre company that would create a play to address the "December dilemma" – maintaining Jewish identity in the face of media and cultural saturation during the weeks leading up to Christmas. Shannon Guggenheim came up with the title *The MeshugaNutcracker!*, and Scott Guggenheim created the framework for the musical: pairing musical selections from Tchaikovsky's "Nutcracker Suite" with a script and lyrics that celebrated Chanukah. But while the broad outline of the Chanukah story was perfectly palatable, the details of the story – which, after all, celebrates a hard-fought and bloody military victory – were hardly suitable for the family audiences to which the play was to be presented. So the Guggenheims turned to the literature of Chelm – where, according to Jewish Folklore, the foolish souls were deposited, with predictable results. Because its residents were said to wear pots and pans as armor in case of war, reference to Chelm would allow a hint of the more disturbing themes surrounding Chanukah with an element of humor.

Scott and Shannon Guggenheim contacted six authors of Chanukah and/or Chelm-themed work that might work well with their themes. Although each author responded with interest, Plaintiff's response was particularly positive, culminating in what the Guggenheims contend, and Plaintiff disputes, was the offer and acceptance of a royalty-free option to adapt any or all of the book *The Jar of Fools*, rather than the single story they originally sought, in creating and presenting *The MeshugaNutcracker!*. Although much or most of *The MeshugaNutcracker!* script and lyrics is original to Scott and Shannon Guggenheim, they relied on Plaintiff's agreement by expanding their use of material contained in *The Jar of Fools*, investing hundreds of hours in creating the script and lyrics, and presenting ten performances in December 2003.

In 2004, the parties negotiated a more formal agreement that included rights to record and distribute a promotional cast recording and required that Plaintiff be credited.[1] After Plaintiff's

---

[1] Notwithstanding Plaintiff's right-of-publicity, false endorsement and related claims, his agent expressly agreed to the form in which he would be and was credited, and in December 2006, his attorney complained when such credit was inadvertently removed from the National Jewish Theater Festival promotional website at www.njtf.org.

agent proposed what Defendants contend was a final agreement, Scott Guggenheim inserted performance dates, signed and returned it, and the Guggenheims presented 13 performances.

Defendants contend that in 2005, Plaintiff's agent agreed to accept $500 as a paid-up royalty for the next two years of performances of *The MeshugaNutcracker!*. During 2005 and 2006, the parties then attempted to negotiate terms for expanded presentation of the work, including by other theatre companies and on television and videotape, but agreement for such expanded presentation was never reached. 22 performances were presented in the 2005 season, and another dozen in 2006.

3. **Legal Issues:**

Plaintiff submits that the primary disputed legal issues include:

- Whether the limited license Plaintiff granted to Defendants to perform a workshop production of the play provided Defendants with the right to perform the play as they did.
- Whether Defendants' copyright infringement warrants exemplary damages.
- Whether Defendants have misappropriated Plaintiff's right of publicity by their advertising his relationship with the play and his alleged collaboration in its creation and production.

Defendants submit that the primary disputed legal issues include:

- Whether Defendants received one or more licenses from Plaintiff, whether pursuant to contract or quasi-contract, and the extent of such licenses;
- Whether Plaintiff's purported copyright in *The Jar of Fools* is valid, and if it is, whether and to what extent Defendants infringed such copyright by copying any copyrightable expression original to Plaintiff in *The MeshugaNutcracker!*;
- Whether Plaintiff's copyright claims are barred or limited by the doctrines of fair use (including as set forth in 17 U.S.C. § 107) or *de minimus* infringement, or by applicable statutes of limitations (including 17 U.S.C. § 207(c)); and
- Whether Plaintiff's claims are barred or limited by the equitable doctrines of acquiescence, laches, estoppel, waiver, or unclean hands.

4. **Motions:** No motions have been filed in this action to date. The parties intend to file a stipulation dismissing Plaintiff's claims against Stephen Guggenheim. The parties anticipate filing further motions for summary judgment after the close of discovery and at such other times as may be appropriate.

5. **Amendment of Pleadings:** Except to the extent that dismissal of Defendant Stephen Guggenheim might be considered an amendment, the parties currently do not anticipate the need to amend their pleadings further.

6. **Evidence Preservation:** Plaintiff and Defendants have taken steps to preserve evidence relevant to the issues in this action.

7. **Disclosures:** The parties have held a Rule 26(f) discovery conference, and will cooperate to schedule timely exchange of their Rule 26(a)(1) initial disclosures. Pursuant to Rule 26(e), the parties intend to supplement their Rule 26(a)(1) disclosures in combination with their document productions in response to requests for production.

8. **Discovery:**

   (a)  *Discovery taken to date*: None.

   (b)  *Scope of anticipated discovery:* Discovery is expected to cover the factual and legal issues identified above.

   (c)  *Proposed limitations or modifications of the discovery rules:* See *infra*, § 8(d)(v).

   (d)  *Discovery plan pursuant to Fed. R. Civ. P. 26(f):*

      (i)  RULE 26(A) DISCLOSURES: The parties are cooperating to schedule timely exchange of their Rule 26(a)(1) initial disclosures.

      (ii)  SUBJECTS OF DISCOVERY: Discovery is expected to cover the factual and legal issues identified above. The parties' proposed discovery schedule is set forth in section 17, below.

      (iii)  PRODUCTION OF ESI: The parties have agreed that electronically stored information presumptively will be produced as either bates-numbered PDF or TIFF files or in native format, at the producing party's election. To the extent that subsequent review raises any issues regarding whether examination of metadata might reveal material non-cumulative

1  information, the parties will meet and confer regarding whether such information should be
2  produced for such limited subset of documents, and if so, what procedures should be followed.
3          (iv)    PRIVILEGE AND TRIAL-PREPARATION MATERIAL:  The parties intend to
4  request an amendment to the protective order to provide for post-production assertion of
5  privilege or of protection as trial-preparation material.
6          (v)    LIMITS ON DISCOVERY:  The parties agree that the number of depositions
7  of factual witnesses, including third parties, but exclusive of depositions of expert witnesses and
8  to establish authentication of evidence, be limited to no more than 7 per party.  The parties agree
9  that the number of requests for admission be limited to no more than 35 per party, exclusive of
10 those to establish authentication of evidence.  The parties agree that the number of
11 interrogatories be limited to no more than 50 per party.
12         (vi)    OTHER ORDERS:  None at this time.
13 9.    **Class Actions:**  This matter is not a class action.
14 10.    **Related Cases:**  None.
15 11.    **Relief:**
16     (a)    *Plaintiff's Statement:*  Plaintiff is entitled to an injunction to enjoin all further
17 performances of the play, monetary damages (either actual or statutory) for the Defendants'
18 copyright infringement, and monetary damages for Defendants' misappropriation of Plaintiff's
19 right of publicity and unfair competition.  The scope of damages is not limited to merely the
20 amount of revenue Defendants' generated from their performances of the play (which they
21 operated as a loss leader) but from the revenues that Defendants' company received from
22 business they gained by performing the play—an admittedly positive contribution to the Jewish
23 community during the December holidays.
24     (b)    *Defendants' Statement:*  Where evidence establishes the actual amount of profits
25 made by an alleged infringer and lost by the claimant, the claimant does not receive "an award of
26 statutory damages in excess of … actual damages." *Koon Chun Hing Kee Soy & Sauce Factory,*
27 *Ltd. v. Eastimpex*, No. C 04-4146 MMC, 2007 WL 328696, at *12 (N.D. Cal., Feb. 2, 2007).
28 Because (1) no profits were made (indeed, Scott and Shannon Guggenheim's cumulative losses

to date total approximately $100,000 or more); (2) Plaintiff's agent had either entered into, or had agreed to enter, one or more licenses that would cover every alleged infringement at a total cost of $500; and (3) any infringement was innocent rather than intentional, Plaintiff's damages, if any, will lie at the bottom end of the statutory damages scale (17 U.S.C. § 504(c)).  Defendants further aver that Plaintiff will be unable to meet the traditional four-part test for injunctive relief.

12. **Settlement and ADR:**  The parties are currently attempting to settle the case through counsel.  In the event that settlement fails, the parties believe that mediation would be the ADR method most likely to lead to resolution.

13. **Consent to Magistrate Judge for All Purposes:**  The parties do not consent to have a magistrate judge conduct all further proceedings including trial and entry of judgment.

14. **Other References:**  The parties agree that the case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

15. **Narrowing of Issues:**  The parties intend to file a stipulation dismissing Plaintiff's claims against Stephen Guggenheim.

16. **Expedited Schedule:**  The parties do not believe that this is the type of case that can be handled on an expedited basis with streamlined procedures.

17. **Scheduling:**

| Deadline/Event | Date |
| --- | --- |
| *Fact Discovery* | |
| Commencement | September 24, 2007 |
| Close | June 27, 2008 |
| Discovery motions filed to be heard no later than | June 6, 2008 |
| *Expert Discovery* | |
| Opening expert reports served no later than | July 25, 2008 |
| Rebuttal expert reports served no later than | August 22, 2008 |
| Close | September 26, 2008 |

| Deadline/Event | Date |
|---|---|
| ***Dispositive Motions*** | |
| Opening briefs filed no later than | November 7, 2008 |
| Opposition briefs filed no later than | December 5, 2008 |
| Reply briefs filed no later than | December 19, 2008 |
| Hearing no later than | January 9, 2009 |
| ***Trial Date*** | |
| Pretrial conference to be held in | Late April or May 2009 |

18. **Trial:** Both parties have demanded trial by jury.

|  | **Estimate** |
|---|---|
| Duration of trial | Not more than 40 hours |
| Number of fact witnesses | Not more than 12 per party |
| Number of expert witnesses | Not more than 3 per party |
| Number of exhibits | Not more than 250 |

The parties respectfully note that the above estimates have been made prior to receipt of any discovery or motion practice that might expand or narrow the issues for trial.

19. **Disclosure of Non-party Interested Entities or Persons:**

Plaintiff will file its Certification of Interested Entities or Persons shortly.

Defendants have filed their "Certification of Interested Entities or Persons" as required by Civil Local Rule 3-16. Defendants have identified Peninnah Schram and Steve Rossman, authors of the book *Eight Stories for Eight Nights*, as persons who may have (i) a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding. Counsel for Plaintiff has represented that he also represents Ms. Schram and Mr. Rossman, has suggested that they may press similar claims to those asserted by Mr. Kimmel, and has represented that their participation would be necessary to effect a complete settlement. Defendants currently lack

1  sufficient information to determine whether third parties other than Ms. Schram and Mr.
2  Rossman have any other financial interest in the outcome of this proceeding.  In particular,
3  Defendants currently lack sufficient information to determine whether Plaintiff's agreement with
4  his literary agent, Christopher Schelling of Ralph M. Vicinanza Ltd., provides for a percentage of
5  royalties or recoveries received by Plaintiff.

6  20.    **Other Matters:**  The parties are not currently aware of other matters that may facilitate
7  the just, speedy and inexpensive disposition of this matter.

Dated: September 21, 2007            BULLIVANT HOUSER BAILEY PC

                                     By: */s/*
                                     Daniel N. Ballard

                                     Attorneys for Plaintiff and Counterdefendant
                                     ERIC KIMMEL

Dated: September 21, 2007            MAYER BROWN LLP

                                     By: */s/*
                                     Joshua M. Masur

                                     Attorneys For Defendants And Counterclaimants
                                     GUGGENHEIM ENTERTAINMENT, LLC,
                                     SCOTT GUGGENHEIM, STEPHEN
                                     GUGGENHEIM, and SHANNON
                                     GUGGENHEIM

*Filer's Attestation:  Pursuant to General Order No. 45, Section X(B), the filer hereby attests that the signatories' concurrence in the filing of this document has been obtained.*